CHARLES L. BENEDICT v. CITIZENS BANK OF PLATTSMOUTH.

FILED MARCH 3, 1898. No. 7920.

Action for Rent: JUDGMENT FOR DEFENDANT. The evidence in this case examined, and found not sufficient to sustain the findings of the district court.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J. *Reversed.*

*Morris, Beekman & Marple* and *Hoagland & Hoagland*, for plaintiff in error.

*A. N. Sullivan, contra.*

12

RYAN, C.

In this action there was a judgment in favor of the defendant in the district court of Cass county. The subject-matter of the action was the rent of a certain room occupied by the bank between April 1 and December 1, 1893. The lease under which the bank held its possession was of date March 17, 1890, and was for a term of five years. It was executed by J. E. Riley, at that time the owner of the demised property. The provision for payments was in this language: "And the said party of the second part, in consideration of the leasing of the premises as above set forth, covenants and agrees with the party of the first part to pay to said party of the first part, as rent for the same, the sum of $900 per year, payable as follows: the sum of $75 monthly, the first payment to be made on the first day of April, 1890; said rent to be paid at the office of said Citizens Bank by placing said amount to the credit of said lessor on the first day of each month for the month previous." The property, of which the above leased banking room was a part, was subsequently conveyed to the Plattsmouth Investment Company, by which company it was conveyed to plaintiff. There was a difficulty about clearing the title until April 1, 1893, when, this difficulty having been adjusted, the transfer was closed. J. E. Riley, when he made the lease in question, was owing the bank an amount in excess of the entire five years' rent, and the bank, by way of defense, insisted that it was entitled to apply the rent on this indebtedness, and the district court so found. In this finding the court erred. The lease was recorded, it is true, but the above quoted language in no way countenanced the idea that the bank was to apply the monthly payments in extinguishment of rent. On the contrary, the provision that each month's rent was to be placed to the credit of the lessor, who might treat these sums as so much credited to his account as a depositor, to be drawn by means of his checks. If there was any

understanding outside the lease that these payments of rent were to be applied in payment of a debt owing by Riley to the bank, there was no notice of this fact given plaintiff. His purchase was not from Riley, but from Riley's grantee. When he purchased he was entitled to be substituted to the rights of Riley, as defined by the terms of the written lease. The bank has not paid the money. It is simply withholding payment, under claim of right so to do. The judgment of the district court was not sustained by the evidence and accordingly is

REVERSED.